UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
JAMILYA BLISS,

       Plaintiff,      COMPLAINT

   -against-          Docket No.:

                 Jury Trial Demanded

MXK RESTAURANT CORPORATION d/b/a
REMIX and PANAGIOTIS KOTSONIS,

       Defendants,
------------------------------------------------------------X

  Plaintiff, JAMILYA BLISS, by and through her attorneys, WHITE, RICOTTA & MARKS, P.C., allege upon knowledge as to herself and her own actions, and upon information and belief as to all other matters, as follows:

### JURISDICTION AND VENUE

1. This action is brought pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000-e, *et seq.,*, the New York State Human Rights the Human Rights Law, §290, *et seq.*, the New York City Administrative Code Title 8, and any other cause of action which can be inferred from the facts set forth herein.

2. The jurisdiction of this Court is invoked under 28 U.S.C. § 1331, the doctrine of pendant jurisdiction and aforementioned statutory provisions.

3. Venue is proper pursuant to 28 U.S.C. § 1391.

4. All conditions precedent to maintaining this action have been fulfilled. A charge of discrimination was filed with the Equal Employment Opportunity Commission ("EEOC"). A notice of a right to sue letter was received on January 28, 2016. This action was properly

commenced within ninety (90) days of Plaintiff's receipt of said notice.

## PARTIES

5. Plaintiff, Jamilya Bliss ("Bliss"), was and still is a resident of Kings County, State of New York.

6. Defendant, MXK Restaurant Corp. d/b/a Remix ("MXK" or "Remix"), was and still is a corporation with a principal place of business at 27 Park Place, #1, New York, New York 10007. Remix is an employer as defined by Section 8-102 of the Administrative Code of the City of New York and employs (15) or more employees.

7. Defendant, Panagiotis Kotsonis ("Kotsonis") is the owner of MXK as well as Bliss's direct supervisor. Kostsonis aided, abetted, compelled and/or incited the unlawful treatment set forth below.

## FACTS

8. Jamilya Bliss ("Bliss"), is a gay female.

9. Bliss began her employment with MXK in or around January 2002. Bliss was initially hired as a bartender, and was later promoted to head bartender and, ultimately, was promoted to Manager. Kotsonis is the owner of MXK as well as Bliss's supervisor.

10. Throughout the course of her employment with MXK, Bliss has been subjected to a hostile work environment due to her gender through severe and/or pervasive sexual harassment and severe and/or pervasive comments regarding her sexual orientation.

11. For example, throughout Bliss's employment, up to present date, she has been required to work at MXK during private "sex parties" that are held at MXK. At these parties, Bliss was and is subjected to nudity, prostitution, and people performing sexual acts in her presence,

while she is required to serve drinks and perform other job duties. Despite voicing her discomfort with being subjected to this illegal and sexually inappropriate conduct within her workplace, Bliss was told, on numerous occasions by Kotsonis that her maintaining her job was dependent on her continuing to perform work for these events. These types of "parties" occur on an average of once per week at Remix.

12. Furthermore, throughout Bliss's employment, Kotsonis has routinely and regularly made derogatory comments regarding people within the LGBT community, referring to gay people as "faggots," among other derogatory statements. He made these statements in front of Bliss despite the fact that he was aware of her sexual orientation. Moreover, he continued to make these comments despite Bliss's protestations.

13. In addition to the above, throughout Bliss's employment Kotsonis has evidenced a discriminatory animus toward black/African Americans. For example, Kotsonis would routinely treat African American employees in a derogatory manner and fire them on a whim, in addition to referring to these individuals on frequent occasion as "niggers."

14. Kotsonis also tried to avoid having black bartenders at Remix and would try to avoid booking parties where the patrons would be black.

15. Through her years working at Remix, Bliss observed this behavior on the part of Kotsonis and objected to this behavior and the statements made by Kotsonis.

16. On or about November 29, 2014, Kotsonis fired a black male employee of Remix. At the time, the employee sought an explanation as to why he was being terminated. Bliss expressed to the employee her belief that Kotsonis was racist and that the employee should pursue a claim based on that fact. As such, Bliss was supporting a protected activity.

17. The following Wednesday (December 3, 2014), Kotsonis learned of Bliss's comments to the employee and, in front of other employees, yelled at Bliss threatening that he would fire her due to her protected activities.

18. Rather than fire Bliss, however, Kotsonis began to subject her to a pattern of retaliation that continues to date. This included: (1) removing her managerial title, authority, and compensation, while continuing to require Bliss to perform managerial tasks; (2) withholding her shift pay; (3) withholding 20-25% of her tips; and, (4) subjecting her to hostility and an atmosphere of adverse action. Said conduct continues to date. Moreover, the harassment and unlawful behavior outlined above continues to date.

19. As a result of the above, Bliss has suffered lost pay in addition to suffering extreme emotional and physical damage.

20. Based on the foregoing, Bliss alleges that Defendants discriminated against her based on her sex and in retaliation for her engaging in protected activities in violation of Title VII of the Civil Rights Act of 1964, the New York State Human Rights the Human Rights Law, §290, *et seq.*, and the New York City Administrative Code Title 8.

## AS A FIRST CAUSE OF ACTION
## FOR DISCRIMINATION UNDER FEDERAL LAW AGAINST DEFENDANT MXK

21. Plaintiff repeats, reiterates, and realleges each and every allegation made in the above paragraphs of this complaint. Title VII of the Civil Rights Act of 1964 provides that

    a. It shall be an unlawful employment practice for an employer – (1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin, or (2) to limit, segregate, or classify his employees or applicants for employment in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's race, color, religion, sex, or national origin.

-4-

22. As described above, MXK has discriminated against Plaintiff due to her sex/gender by subjecting Plaintiff to a hostile work environment in violation of Title VII of the Civil Rights Act of 1964.

### AS A SECOND CAUSE OF ACTION
### FOR DISCRIMINATION UNDER FEDERAL LAW AGAINST DEFENDANT MXK

23. Plaintiff repeats, reiterates, and realleges each and every allegation in the above paragraphs of this complaint. Title VII of the Civil Rights Act of 1964 provides that

    a. It shall be an unlawful employment practice for an employer to discriminate against any of his employees or applicants for employment, for an employment agency, or joint labor-management committee controlling apprenticeship or other training or retraining, including on-the-job training programs, to discriminate against any individual, or for a labor organization to discriminate against any member thereof or applicant for membership, because he has opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter.

24. As described above, MXK subjected Plaintiff to retaliatory adverse employment actions, a hostile work environment, and/or an atmosphere of adverse employment actions due to her complaints of discrimination and protected activities in violation of Title VII of the Civil Rights Act of 1964.

### AS A THIRD AND FOURTH CAUSE OF ACTION
### FOR DISCRIMINATION UNDER STATE AND CITY LAW

25. Plaintiff has been subjected to a hostile work environment due to her gender. Defendant MXK's actions are in violation of the New York State Executive Law, the Human Rights Law, §296 (1) and (7), and the New York City Administrative Code § 8-107 [1] and [13].

26. Kotsonis aided and abetted the acts of discrimination alleged above in violation of the New York State Executive Law §296(6) and the New York City Administrative Code Title 8-107.

### AS A FIFTH AND SIXTH CAUSE OF ACTION
### FOR DISCRIMINATION UNDER STATE AND CITY LAW

27. Plaintiff has been subjected to a hostile work environment due to her sexual orientation. Defendant MXK's actions are in violation of the New York State Executive Law, the Human Rights Law, §296 (1) and (7), and the New York City Administrative Code § 8-107 [1] and [13].

28. Kotsonis aided and abetted the acts of discrimination alleged above in violation of the New York State Executive Law §296(6) and the New York City Administrative Code Title 8-107.

### AS A SEVENTH AND EIGHTH CAUSE OF ACTION
### FOR DISCRIMINATION UNDER STATE AND CITY LAW

29. Plaintiff has been subjected to a hostile work environment, adverse employment actions, and an atmosphere of adverse employment actions in retaliation for her engaging in protected activities. Defendant MXK's actions are in violation of the New York State Executive Law, the Human Rights Law, §296 (1) and (7), and the New York City Administrative Code § 8-107 [1] and [13].

30. Kotsonis aided and abetted the acts of retaliation alleged above in violation of the New York State Executive Law §296(6) and the New York City Administrative Code Title 8-107.

**WHEREFORE**, Plaintiff demands judgment against Defendants for all compensatory, emotional, physical, and punitive damages, lost pay, front pay, injunctive relief, and any other damages permitted by law. It is further requested that this Court grant reasonable attorneys' fees

and the costs and disbursements of this action and any other relief to which Plaintiff is entitled.

Plaintiff demands a trial by jury.

Dated: Long Island City, New York
      April 7, 2016

                                  Respectfully submitted,

                                  WHITE, RICOTTA & MARKS, P.C.
                                  *Attorneys for Plaintiff*
                                  3110 37th Avenue, Suite 401
                                  Long Island City, New York 11101
                                  (347)464-8694

                                  _____
                                    Thomas Ricotta